IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**TREVOR MONROE**
137 RAINBOW DR. #3729
LIVINGSTON, TEXAS 77399

    PLAINTIFF

- VS. -

KZRV, L.P.
C/O CT CORPORATION SYSTEM, S/A
150 WEST MARKET STREET, SUITE 800
INDIANAPOLIS, INDIANA 46204

    DEFENDANT

CASE NO.: _____

(JUDGE _____)

COMPLAINT AND JURY DEMAND

---

**PRELIMINARY STATEMENT**

1. This case involves claims asserted under the Indiana Uniform Commercial Code and the Magnuson Moss Warranty Act.

2. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331.

3. The vehicle which is the subject of this dispute was acquired by Plaintiff in Florida and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by Defendant's authorized representative dealerships in North Carolina and Florida, and by Defendant at its factory in Indiana; the place where the relationship of the parties arose is Indiana because the warranty

obligations of Defendant to repair the RV originated in Indiana.

## IDENTIFICATION OF PARTIES

4. Trevor Monroe is a natural person domiciled and residing in Florida and is a consumer and buyer within the meaning of applicable laws.

5. Defendant KZRV, L.P. ("KZRV") is a corporation authorized to do business and doing business in Indiana and Florida and whose principal place of business and residence is in Indiana and is a warrantor of a recreational vehicle that Plaintiff acquired and a supplier and a merchant.

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

6. This case involves a defective 2019 KZ Venom 4012TK recreational vehicle that Defendant warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty and/or contract Defendant breached.

7. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

8. This claim is for breach of warranty and/or contract by Defendant in Indiana, North Carolina, and/or Florida.

9. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiff.

10. At all times relevant, Optimum RV was a supplier and merchant and an authorized representative and agent of Defendant. Optimum RV was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Plaintiff acquired the subject RV from

Optimum RV in Florida, and presented the subject RV to Optimum RV for warranty repairs.

11. At all times relevant, Cummins of Ocala was a supplier and merchant and an authorized representative and agent of Defendant. Cummins of Ocala was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Plaintiff presented the subject RV to Cummins of Ocala for warranty repairs in Florida.

12. At all times relevant, Bob's RV and Body Shop was a supplier and merchant and an authorized representative and agent of Defendant. Bob's RV and Body Shop was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Plaintiff presented the subject RV to Bob's RV and Body Shop for warranty repairs in North Carolina.

13. On or about April 27, 2018 the parties entered into a consumer transaction, in that Plaintiff agreed to acquire from the Dealer, the Dealer agreed to sell to Plaintiff, under the terms of a retail installment contract, and Defendant contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2019 KZ Venom 4012TK recreational vehicle believed to bear VIN # 4EZFH4037K6030762, and whose total cost was about $78,995.

14. As part of the deal, when the RV was delivered to Mr. Monroe the Defendant KZRV's written warranty promised to Plaintiff that the RV structure would be "free from substantial defects in materials and workmanship" for a period of two

(2) years.

15. As part of the deal, Defendant promised that if defects arose which were covered by its warranty that the RV would either be repaired or replaced.

16. Hidden in the KZRV written warranty were limitations, terms and exclusions which KZRV did not advertise nor did it advise Plaintiff of, and which were not conspicuous, and which were illusory and one sided.

17. Plaintiff acquired the vehicle in reliance on the existence of a written warranty and/or contract from Defendant and on advertising representations and/or warranties of Defendant.

18. The purpose of Defendant's warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiff confidence in the reliability and quality of the RV, and (c) to give Plaintiff confidence in the Defendant's representations about the subject vehicle and the vehicles Defendant designed and built, and (d) to give Plaintiffs confidence in Defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

19. After acquiring the vehicle, Plaintiff discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems and Defendant and its authorized warranty repair representative and agent did not repair or replace the subject RV as it warranted and contracted it would do.

20. The defects in the RV, which were substantial and existed in materials and workmanship caused by Defendant, included but were not limited to:

- Roof Sealants Not Adhering,
- Rear Awning Sealant Gaps,
- Gel Coat Delaminated,
- Roof Water Leak,
- Ceiling Panels Bowed,
- Carpet Pad Does Not Extend All the Way,
- Vinyl Floor Bubbled,
- Furnace Inoperative,
- Water Pump Leaks,
- Pipes Leaking ,
- Cover Panel Damaged,
- Underbelly Material Sagging,
- P/S Wall Popped Out From Stairs,
- Exterior Light Inoperative,
- Day/Night Shade Malfunctioning,
- Valance Came Off,
- Wall Panel Bubbling,
- Trim Broken,
- Awning Topper Pulled Out of Wall,
- Wall Panel Swollen Above Kitchen Slide,
- Bubbles in Roof,
- Gel Coat Cracked at Wardrobe Slide,
- Bedroom Door Won't Stay Latched,
- Generator Inoperative,
- Hydraulic Jacks Inoperative,
- Bedroom Floor Squeak,
- Screws Backing Out of Wiper Seal Trim,
- Black Tank Valve Leaking,
- Slide Popping Going In/Out,
- Light Sagging,
- Shower Door Off Track,
- Stove Burners Won't Stay in Place,
- Slides Out of Alignment,
- Refrigerator Not Cooling,
- Garage Radio Inoperative,
- P/S Wall Gel Coat Cracked from Awning Wires,
- Screen Doors Won't Latch,
- Screws Backed Out of Wardrobe Slide Roller,
- Gel Coat Delamination Kitchen Slide,
- Bottom Right Wardrobe Slide Exterior Wall Cracked.

21. Defendant was notified of defects and non-conformities in the vehicle and the authorized repair facility's failed repair attempts repeatedly prior to filing this

case.

22. In all respects, Plaintiff substantially if not completely performed his obligations under the written warranty and/or contract by Defendant on the subject RV and Defendant did not perform its obligations, as set forth herein above and below.

23. Because of the contract and/or warranty-covered defects, Plaintiff notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the RV into the possession of Defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning about 8 months after the sale.

24. The RV went into a KZRV authorized repair representative's warranty repair shop in North Carolina on December 12, 2018 for repair of 23 defects and was subject to repairs until January 2, 2019, at total of about 22 days.

25. The RV went into the KZRV factory repair shop in Indiana on January 3, 2019 for repair of 22 repeat defects and was subject to repairs until May 13, 2019, at total of about 129 days.

26. The RV went into a KZRV authorized repair representative's warranty repair shop in Florida on October 16, 2019 for repair of 18 defects, including repeat defects, and was subject to repairs until October 16, 2019, at total of about 1 day.

27. The RV went into a KZRV authorized repair representative's warranty repair shop in Florida on December 27, 2019 for repair of 12 defects, including repeat defects, and was subject to repairs until December 27, 2019, at total of about 1 day.

28. The RV went into a KZRV authorized repair representative's warranty repair shop in Florida on January 9, 2020 for repair of 1 defect and was subject to repairs

until January 9, 2020, at total of about 1 day.

29. The RV went into a KZRV authorized repair representative's warranty repair shop in Florida on January 14, 2020 for repair of 1 repeat defect and was subject to repairs until January 14, 2020, at total of about 1 day.

30. The RV went into a KZRV authorized repair representative's warranty repair shop in Florida on January 14, 2020 for repair of 6 repeat defects, including repeat defects, and was subject to repairs until February 5, 2020, at total of about 23 days.

31. The RV went into a KZRV authorized repair representative's warranty repair shop in Florida on May 25, 2020 for repair of 7 repeat defects and was subject to repairs until September 14, 2020, at total of about 112 days.

32. The purpose of Defendant's warranty was to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose. A secondary purpose of the Defendant's warranty was to give Plaintiff confidence in the reliability and quality of the RV. Another secondary purpose of the Defendant's warranty was to give Plaintiff confidence in the Defendant as a company.

33. After the RV was in the repair shop about 8 times, out of service a total of about 327 days total, and had accumulated about 44 defects since its acquisition, Plaintiff provided Defendant with a written description of the claimed warranted defects and efforts to remedy by certified mail, and asked Defendant to pay his damages. However, Defendant completely ignored the request and failed to even respond.

34. Instead of performing as represented, Defendant did not repair all defects in the vehicle once and for all time.

35. As a result Defendant breached its express and/or implied warranties and/or contract.

36. As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiff is entitled to all applicable legal and equitable remedies in law.

37. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiff is entitled to all applicable legal and equitable remedies in law.

38. Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiff acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

39. Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were approved for full-time use, and Plaintiff relied on that representation in deciding to purchase the 2019 KZ Venom 4012TK recreational vehicle. However, at the same time, Defendant excluded full-time use from coverage under its limited warranty. And, Plaintiff was not provided with a copy of Defendant's warranty until after he purchased the RV, so he was not aware of the inconsistent warranty exclusion at the time of purchase.

Additionally, Defendant was aware of Plaintiff's full-time use but continued to cover repairs under its warranty and never told Plaintiff that his use was excluded under the warranty in any way. As such, Defendant waived any right it may have had to assert full-time use as a warranty exclusion and should be estopped from doing so.

40. Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiff relied on such, but the vehicle involved in this case was not, however, of merchantable.

41. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiff.

42. Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiff to lose confidence in the reliability of the subject motor vehicle and in the ability of Defendant to repair the vehicle's defects.

43. Plaintiff provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

44. As a result of the above facts, Defendant breached its warranties and/or contract and/or representations with respect to the vehicle.

45. One or more of the defects and malfunctions in the vehicle were covered under the terms of Defendant's warranties and/or contract, and Defendant failed to

repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle.

46. Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject motor vehicle within a reasonable time.

47. Plaintiff suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

48. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

49. This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

50. As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations.

51. As a result of the above, among other things, Defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all

provisions of the Warranty Act and the applicable Code of Federal Regulations.

52. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

### PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such an amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

### ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiff to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiff demands trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
Attorney for Plaintiff
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:     937.432.9500
Fax:                 937.432.9503
Email:             Beth@Burdgelaw.com

\\bl-dc\Data\data\Monroe, Trevor\Core Pleadings\Core Complaint 100520 bw.wpd